UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

KENNARD CHEYENNE TAYLOR,

Plaintiff,

v. Case No. 26-CV-739

M. GRAY,

Defendant.

---

**SCREENING ORDER**

---

Plaintiff Kennard Cheyenne Taylor, who is currently housed at Racine County Jail and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. On August 31, 2026, the Court screened the complaint and, after concluding it failed to state a claim upon which relief could be granted, gave Plaintiff the opportunity to file an amended complaint. (ECF No. 16.) Plaintiff filed an amended complaint on September 16, 2026. (ECF No. 17.) This matter comes before the Court to screen the amended complaint, as required by 28 U.S.C. § 1915A.

**SCREENING OF THE AMENDED COMPLAINT**

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of

Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

**ALLEGATIONS OF THE AMENDED COMPLAINT**

In screening a complaint, the Court accepts the allegations as true and draws all reasonable inferences in the plaintiff's favor. *See Schillinger v. Kiley*, 954 F.3d 990, 994 (7th Cir. 2020) (citation omitted). The Court notes, however, that the allegations in the amended complaint are just that, allegations; they are Plaintiff's version of the events that have purportedly occurred. With

this in mind, the Court will summarize Plaintiff's allegations as presented in the amended complaint.

The allegations in the amended complaint are substantively identical to the allegations in the original complaint. According to Plaintiff, on January 9, 2026, all sixty inmates on Pod DS-2 were taken to the booking room for strip searches at Winnebago County Jail. There were two designated areas in the booking area where the inmates were strip searched. After nine other inmates were searched, Plaintiff went into the designated area to be strip searched by Sgt. McIntosh. While Sgt. McIntosh performed the strip search, Deputy M. Gray walked into the room and observed Plaintiff nude. Prior to entering the room where Plaintiff was being strip searched, several inmates yelled at Deputy Gray and asked why she was entering the room. Plaintiff seeks monetary damages. (ECF No. 17 at 2–3.)

## ANALYSIS

As the Court recognized in the original screening order, "[t]here is no question that strip searches may be unpleasant, humiliating, and embarrassing to prisoners, but not every psychological discomfort a prisoner endures amounts to a constitutional violation." *Calhoun v. DeTella*, 319 F.3d 936, 939 (7th Cir. 2003) (citation omitted). Plaintiff does not allege that Deputy Gray conducted the strip search. Instead, he asserts that Deputy Gray walked into the room where Plaintiff was being strip searched and observed that Plaintiff was nude. The Seventh Circuit has held that "occasional and incidental cross-sex viewings do not invade a prisoner's Fourth Amendment privacy interests." *West v. Radtke*, 48 F.4th 836, 853 (7th Cir. 2022) (citation omitted). The amended complaint contains no allegations from which the Court can infer that Deputy Gray violated Plaintiff's constitutional rights. Plaintiff therefore fails to state a claim upon which relief can be granted.

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) **for failure to state a claim**.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS FURTHER ORDERED** that copies of this order be emailed to DLSFedOrdersEastCL@doj.state.wi.us.

Dated at Green Bay, Wisconsin on September 29, 2026.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. § 1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.